UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,

Plaintiff,

v.

CREDIT KARMA, LLC,

Defendant.

Case No. 26-cv-00019-JST

**ORDER SCREENING AND DISMISSING FIRST AMENDED COMPLAINT**

Re: ECF No. 7

Pro Se Plaintiff Joseph Anthony Reyna has submitted a first amended complaint ("FAC"). ECF No. 7. Because he proceeds in forma pauperis, ECF No. 6, the Court must screen his complaint under 28 U.S.C. § 1915(e). Section 1915(e)(ii) requires the Court to dismiss his complaint if it "fails to state a claim on which relief may be granted."

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp.*

United States District Court
Northern District of California

*Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Reyna's FAC alleges that, relying on "approval-odds and similar predictive representations intended to guide credit-application decisions" provided by Credit Karma, he applied for credit products and was denied, harming his credit score. ECF No. 7 ¶¶ 2–3. He brings a claim under the Fair Credit Reporting Act ("FCRA"), arguing that Credit Karma is a "consumer reporting agency" that violated its duty under FCRA to follow reasonable procedures to ensure the accuracy of the information it disseminated. *Id*. ¶¶ 19, 21. He requests a declaratory judgment that Credit Karma violated the FCRA, damages, and costs. *Id*. at 5.

The FCRA states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A consumer reporting agency" is an individual, corporation, or other entity "which, [1] for monetary fees, dues, or on a cooperative nonprofit basis, [2] regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers [3] for the purpose of furnishing consumer reports to third parties." *Id*. § 1681a(f).

Reyna has not alleged that Credit Karma charges fees, that it "assembl[es] or evaluat[es]" consumer credit information within the meaning of the FCRA, or that it furnishes "consumer reports" to "third parties." He is unlikely to be able to cure these defects. In fact, another court in this district recently found that "Credit Karma is a consumer-facing platform for personal financial management, not a 'consumer reporting agency' within the meaning of the FCRA." *Allen v. Toyota Motor Credit Corp.*, No. 19-CV-03062-SK, 2020 WL 6260011, at *3 (N.D. Cal. Sept. 17, 2020). Moreover, the FCRA's definition of consumer reporting agency requires the entity to furnish consumer reports to *third parties*—not just to the consumer itself. *Howard v. Blue Ridge Bank*, No. C 04-04619 SI, 2005 WL 1865418, at *2 (N.D. Cal. Aug. 1, 2005) ("[T]he Court can imagine no reasonable construction in which a consumer would be considered a 'third party' for the purposes of distributing credit reports about himself or herself.").

Reyna has also not alleged with sufficient specificity and plausibility that Credit Karma failed to "follow reasonable procedures to assure maximum possible accuracy" of the information

United States District Court
Northern District of California

2

it provides.  15 U.S.C. § 1681e(b).  His complaint merely recites the statutory language without any supporting factual allegations.  He must provide sufficient factual material to allow the Court to infer the truth of his claims.  *Iqbal*, 556 U.S. at 678.

For the reasons described above, the Court is skeptical that Reyna can plausibly allege that Credit Karma is a consumer reporting agency or that it violated 15 U.S.C. § 1681e(b).  But because Reyna is pro se and leave to amend should be "freely given," Reyna may submit a second amended complaint addressing the deficiencies identified herein within 28 days of the entry of this order.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated:  March 11, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3