UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,
Plaintiff,

v.

CREDIT KARMA, LLC,
Defendant.

Case No. 26-cv-00019-JST

**ORDER SCREENING AND DISMISSING SECOND AMENDED COMPLAINT**

Re: ECF No. 16

Before the Court is Plaintiff Joseph Anthony Reyna's second amended complaint. Because Reyna proceeds pro se and in forma pauperis, ECF No. 6, the Court is required to dismiss his complaint if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal 28 theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*,

United States District Court
Northern District of California

United States District Court
Northern District of California

521 F.3d 1097, 1104 (9th Cir. 2008).

Reyna's original complaint sought to compel Defendant Credit Karma, LLC, to preserve evidence relevant to "anticipated" federal and state claims, including under the Fair Credit Reporting Act ("FCRA"). ECF No. 1 at 1–2. The Court screened and dismissed the complaint because it alleged no substantive claims and because Reyna had failed to show that court-ordered perpetuation of evidence was justified under Federal Rule of Civil Procedure 27 or otherwise. ECF No. 6 at 2. Reyna's first amended complaint ("FAC") brought a FCRA claim under 15 U.S.C. § 1681e(b), which states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." The FAC alleged that Credit Karma "failed to follow reasonable procedures to assure maximum possible accuracy" of "approval[ ]odds and similar predictive representations intended to guide credit-application decisions," which led Reyna to apply for credit, be denied, and suffer ensuing economic injuries. ECF No. 7 at 1–2. The Court screened and dismissed the FAC because Reyna had failed to allege that Credit Karma was a consumer reporting agency or that it had failed to follow reasonable procedures to assure maximum accuracy of its reports. ECF No. 9 at 2–3.

On his third attempt, Reyna pivots, bringing several state law claims and a sole federal claim under a different FCRA provision, 15 U.S.C. § 1681b(f). ECF No. 16 at 19–20. That provision prohibits any person from using or obtaining a consumer report for any purpose other than those listed under 15 U.S.C. § 1681b(a), which include "[i]n accordance with the written instructions of the consumer," *id.* § 1681b(a)(2). Reyna alleges that he gave written instructions authorizing Credit Karma to access his consumer reports "for credit monitoring and for accurate credit-related information," but Credit Karma "instead used that information to generate monetized application referrals to partner issuers by means of predictive representations calibrated to maximize application volume rather than to state Plaintiff's actual approval likelihood." ECF No. 16 ¶ 65. He asserts that "[u]se exceeding the consumer's written instructions is not a permissible purpose under [S]ection 1681b(a)." *Id.*

As with his prior complaints, Reyna alleges that he relied on the approval odds provided to

him by Credit Karma, applied for credit through Credit Karma's platform, and was denied. ECF No. 16 at 3. He alleges no facts, however, suggesting that his Section 1681b(f) claim is plausible. *See Iqbal*, 556 U.S. at 678. Without more, the fact that he relied on Credit Karma's approval odds and was nevertheless denied credit does not suggest that Credit Karma used his consumer reports "to generate monetized application referrals to partner issuers . . . calibrated to maximize application volume rather than to state Plaintiff's actual approval likelihood." The bare fact that his credit application was denied is likewise insufficient to show that his consumer reports were *not* used to provide "credit monitoring" and "accurate credit-related information," as Reyna's alleged written permission allowed. In short, Reyna has simply not alleged sufficient facts to "nudge[] [his] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This claim is dismissed. *See Allen v. Inuit Inc.*, No. CV 25-7280 PA (PDX), 2026 WL 1459671, at *4 (C.D. Cal. May 21, 2026) ("Without their theory that Credit Karma was not authorized to obtain credit information from Experian, they are left with nothing more than their conclusory allegation that Credit Karma did not have a permissible purpose."). As Reyna has now been given three opportunities to plead a viable FCRA claim, dismissal is without leave to amend. *See Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, at *13 (N.D. Cal. Apr. 10, 2013) (dismissing FCRA claim with prejudice after one opportunity to amend to state a claim).

In the absence of a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). His case is dismissed without prejudice to Reyna's refiling his state claims in state court. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2026

JON S. TIGAR
United States District Judge